FILED
United States Court of Appeals
Tenth Circuit

**March 13, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JACEK ROKOWSKI,

      Plaintiff-Appellant,

v.

SHARON LYNN ROKOWSKI,

      Defendant,

and

MARK ALAN GILBERT;
AMY EVANS GILBERT,

      Defendants-Appellees.

No. 08-2220
(D.C. No. 6:07-CV-01123-JAP-LAM)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

_____

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This appeal comes to us from an order of the district court dismissing Jacek Rokowski's complaint based on various New Mexico domestic relations statutes and the Parental Kidnaping Prevention Act of 1980, Pub. L. No. 96-611, 94 Stat. 3568 (codified in part at 28 U.S.C. § 1738A). Mr. Rokowski's claims arise from the termination of his parental rights as to his daughter (the Child) and the adoption of the Child by defendants Mark and Amy Gilbert. The district court construed Mr. Rokowski's pro se complaint as seeking a declaratory judgment for the following relief: 1) that the adoption of the Child be declared void; 2) that New Mexico courts assume jurisdiction of the Child; 3) that charges be brought against defendants; and 4) that the court award monetary damages to Rokowski.

Defendants filed a motion to dismiss arguing that, because issues surrounding the termination of Rokowski's parental rights and the Child's adoption had already been fully adjudicated in the courts of Georgia, Rokowski's claims were barred by collateral estoppel. The district court agreed and dismissed the complaint.

Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm substantially for the reasons given by the district court. Rokowski's claims are barred by collateral estoppel given the decision of the Georgia Court of Appeals on the merits of his claims. *See Rokowski v. Gilbert*, 620 S.E.2d 509 (Ga. App. 2005), *cert. denied*, Jan. 17, 2006. The collateral estoppel effect of the Georgia decision encompasses Rokowski's challenge to the jurisdiction of the Georgia courts based

-2-

on his claim that the Child had been taken illegally from New Mexico to Georgia by defendants. The Georgia Court of Appeals specifically held that, for various reasons, "[t]he trial court did not err in ruling that it had subject matter and personal jurisdiction." *Id.* at 518. The affirmance by the Georgia Court of Appeals of the order issued by the trial court permitting defendants to adopt the Child precludes Rokowski from relitigating the propriety of the adoption including his claim of illegal transport and/or kidnapping.

The judgment of the district court is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge